UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

-------------------------------------------------------------X

HOTI ENTERPRISES, LP

                              Plaintiff,

              - against-

ANDY PANKEN,  STERN KEISER & PANKEN, LLP
LAWRENCE REICH, JEFFREY REICH,
REICH, REICH & REICH PC, DELBELLO DONNELLAN
WEINGARTEN, WISE, & WIEDERKEHR, LLP ROBERT L. RATTET,
JAMES. B. GLUCKMAN, RATTET PASTERNAK, LLP
F/K/A RATTET, PASTERNAK & GORDON-OLIVER, LLP,
TANYA DWYER,
DWYER & ASSOCIATES, LLC,
AND CARL E. PERSON.

                           Defendants.

-------------------------------------------------------------X

Case No.: 15-08221-rdd

Judge Robert Drain

**Amended Complaint**

       Plaintiff, by its attorney, the Law Offices of Alexander E. Sklavos,

complaining of the Defendants, respectfully alleges as follows:

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

**a.**    **The parties**

    1    Plaintiff, Hoti Enterprises, LP ("Hoti"), is a New York limited partnership

organized and existing under and by virtue of the laws of the State of New York with its

principal place of business in the Town of Harrison, Westchester County and State of New

York.

    2    Victor Dedvukaj ("Victor") is the president of Hoti Realty Management, Inc.

("Management" ) and a limited partner of Hoti.

    3    Upon information and belief, defendant Andy Panken ("Panken") is (a) an

attorney duly licensed to practice law in the State of New York, (b) a member of the

defendant law firm Stern Keiser & Panken LLP, a New York limited liability partnership (the "SKP Firm") and (c) and a resident of Westchester County, State of New York (Panken and the SKP Firm are sometimes hereafter referred to collectively as "Panken defendants").

4       Upon information and belief, defendant Lawrence R. Reich ("L. Reich") is (a) an attorney duly licensed to practice law in the State of New York, (b) a member of the defendant law firm Reich Reich & Reich, PC a New York professional corporation (the "RRR Firm") and (c) and a resident of Westchester County, State of New York.

5       Upon information and belief, defendant Jeffrey Reich ("J. Reich") is (a) an attorney duly licensed to practice law in the State of New York, (b) a member of the RRR Firm and (c) and a resident of Westchester County, State of New York (L. Reich, J. Reich, and the RRR Firm are sometimes hereafter referred to collectively as "Reich defendants").

6       Upon information and belief, defendant Robert L. Rattet ("Rattet") is (a) an attorney duly licensed to practice law in the State of New York, (b) formerly a member of the defendant law firm Rattet Pasternak, LLP, then formerly known as Rattet Pasternak & Gordon-Oliver, LLP, now known by its successor in interest as Delbello Donnellan Weingarten, Wise, & Wiederkehr, LLP, a New York limited liability partnership (the "RP Firm") and (c) and a resident of Westchester County, State of New York. (Rattet, and RP Firm are sometimes hereafter referred to collectively as "Rattet defendants").

7       Upon information and belief, defendant James B. Gluckman ("Gluckman") is (a) an associate attorney duly licensed to practice law in the State of New York, (b) was an associate of the defendant RP Firm and (c) and a resident of Westchester County, State of New York (Rattet, Gluckman and the RP Firm are sometimes hereafter referred to

2

collectively as "Rattet defendants").

8 Upon information and belief, defendant Tanya Dwyer ("Dwyer") is (a) an attorney duly licensed to practice law in the State of New York, (b) a member of the defendant law firm Dwyer & Associates, LLC, a New York limited liability company (the "Dwyer Firm") and (c) and a resident of Kings County, State of New York.

9 Upon information and belief, defendant Carl E. Person ("Person") is (a) an attorney duly licensed to practice law in the State of New York and (b) and a resident of the City, County and State of New York.

**b. KeyBank Real Estate Capital commits fraud concerning the mortgage.**

10 In or about October 6, 2008, Victor advised KeyBank Real Estate Capital ("KeyBank"), the servicer of Hoti's loan payments, that they had erroneously charged and applied a late fee against the payments being made on Hoti's $31,000,000.00 loan ("Mortgage Loan") from Deutsche Bank Mortgage Capital, LLC ("Deutsche Bank").

11 The Mortgage Loan was secured by a first lien on real property and improvements thereon consisting of 144 rental units located at 1865 Burnett Street, Brooklyn, New York City Tax Block 8472, Lot 1, Block 6481, Lot 1, and Block 6816, Lot 33, County of Kings, State of New York (collectively, the "Building").

12 In 2008, the rent roll from the 144 rental units was approximately $220,000.00 per month.

13 Hoti desired to renovate the units and sell them as condominiums.

14 Hoti received a broker's appraisal estimate that the units, as condominiums, would sell for nearly $70,000,000.00.

15 As set forth herein, but for the malpractice claimed, the Mortgage Loan would

have timely been extinguished as the party foreclosing did not establish title or hold a proper assignment from Deutsch Bank and that "...the signature of the Director Michelle Leighton is suspect..." as herein discussed.

16      Notwithstanding Hoti's complaints of improper charges, KeyBank continued to charge erroneous and inflated late fees exceeding $10,000 each month against Hoti's account.

17      KeyBank, without notice or cause, suddenly increased the fixed monthly payment made by Hoti of approximately $182,000.00 and started to charge up to $257,662.63 monthly, an increase of more than  $75,000.00 (41.6%)

18      KeyBank also wrongfully escrowed funds from the payments being made by Hoti for insurance as Hoti was already directly paying its insurance company.

19      The result of the overbilling of over $146,000.00 in excess property insurance escrow should have been applied by KeyBank to the monthly mortgage payments.

20      KeyBank refused to correct its errors notwithstanding having been advised and shown the mistakes.

21      KeyBank agreed to waive late fees if it was permitted to draw on Hoti's bank account by electronic withdrawal.

22      KeyBank then made the first initial ACH withdrawal, late, and again charged Hoti a late fee.

23      On February 27, 2009, the dispute with KeyBank eventually became the subject of a foreclosure action related to the Building  styled *GECMC 2007-C1 Burnett Street, LLC v. Hoti Enterprises, LP et al*, NY Supreme Court, Kings County, Index 5006/2009 ("Foreclosure Action") and was assigned to Justice Lewis.

24    As part of the Foreclosure Action, GECMC 2007-C1 Burnett Street, LLC ("GECMC") sought the appointment of a receiver to operate the Building and collect rents.

25    Although GECMC was the named plaintiff in the Foreclosure Action, it was never properly in the chain of title under the Mortgage Loan and held no interest in the Building.

26    GECMC was not a party in interest and had no standing to sue or bring the Foreclosure Action.

**c.    Hoti retains the Reich defendants.**

27    Hoti initially sought counsel from Panken and the SKP Firm to correct KeyBank's errors.

28    Upon information and belief, Panken then referred the matter to the RRR Firm for its financial difficulties and bankruptcy advise.

29    Upon information and belief, Panken and/or the SKP Firm received a referral fee from the RRR Firm.

30    In or about October 23, 2008, Hoti retained the Reich defendants to represent it with its financial difficulties with respect to the Building (hereafter, the "Reich Agreement").

31    The RRR Firm, by L. Reich, prepared a retainer agreement dated October 23, 2008 which embodied the foregoing arrangement ("RRR Retainer Agreement").

32    Victor executed the RRR Retainer Agreement in his representative capacity on behalf of Hoti.

33    The RRR Firm demanded and received a retainer.

34    After the Foreclosure Action commenced, the RRR Firm, filed a notice of

appearance.

35      The RRR Firm and Panken defendants never challenged any of the underlying Loan documents in the Foreclosure Action, in particular the Reich defendants failed to: (i) review title with respect to the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC; (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action;  (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the  Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not* file bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, and (xvii)  sue KeyBank on behalf of plaintiff.

36      In or about May 20, 2009, the Reich defendants prepared a new retainer agreement to represent Hoti in connection with a potential Chapter 11 filing, including

pleadings, motions, discovery, settlement negotiations and preparation for trial, as well as legal research  (hereafter, the "Reich Amended Agreement").

37      Pursuant to the Reich Amended Agreement, RRR Firm demanded a $58,797.49 retainer and $1,039.00 for the Chapter 11 filing fee.

38      The fee arrangement was $375.00 and $275.00 per hour for the legal services of L. Reich, J. Reich, respectively, and similar rates for others at the RRR Firm.

39      The Reich defendants continued to represent Hoti in the Foreclosure Action up to and through March 17, 2011, when the Reich defendants were granted leave to withdraw as counsel.

**d.      Hoti retains the Rattet defendants.**

40      Hoti then sought advice from Panken to locate substitute counsel for the RRR Firm.

41      Upon information and belief, Panken then referred the matter to the Rattet Firm.

42      Upon information and belief, Panken and/or the SKP Firm received a referral fee from the Rattet Firm.

43      In or about March 30, 2010, Hoti, on the advice of Panken, retained the Rattet defendants to assist in an out of court workout with its various creditors and, if necessary, representation in a Chapter 11 proceeding in the Bankruptcy Court  including attend hearings in the Bankruptcy Court , investigate the facts and research relevant case law with respect to a Chapter 11 proceeding, prepare filings and Bankruptcy Court documentation, and interview and hire accountants, brokers appraisers, actuaries.

44       In or about March 30, 2010, Hoti retained the Rattet defendants to represent

it (hereafter, the "Rattet Agreement").

45    Rattet and the Rattet Firm prepared a retainer agreement dated March 30, 2010, and revised same on April 12, 2010 which embodied the foregoing arrangement ("Rattet Retainer Agreement").

46    Victor executed the Rattet Retainer Agreement in his representative capacity on behalf of Hoti.

47    The Rattet Firm demanded and received a $7,500.00 retainer for pre-Petition work, as well as demanded a $40,000 retainer for filing the Petition, for a total of $47,500.

48    A majority of the retainer funds was paid to the Rattet defendants.

49    The hourly fee arrangement was $650.00 and $450.00 per hour for the legal services of Rattet and Gluckman, respectively, and similar rates for others at the Rattet Firm.

50    On October 20, 2010, Hoti, was wrongfully advised by Rattet to file for Chapter 11 bankruptcy protection and upon advice of Rattet filed a Chapter 11 petition ("Petition") styled *In Re Hoti Enterprises, LP*, U.S. Bankruptcy Court, Southern District New York, 10-24129-rdd ("Bankruptcy Action").

51    The Rattet Firm immediately began work on the Chapter 11 case but never challenged any of the underlying Loan documents in the Foreclosure Action, in particular the Reich defendants failed to: (i) review title with respect to the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC; (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action; (v) challenge the ability of GECMC to

8

transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the  Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, (xvii)  sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

52      Judge Drain approved the retention of the Rattet Firm to represent Hoti in the Bankruptcy Action.

53       Through the course of representation in the Bankruptcy Action, the Rattet defendants claimed to have incurred $130,688.00 in legal fees inclusive of $4,472.52 of expenses, and $31,619.20 actually received in pre-petition retainer.

54      On or about December 22, 2010, over the vocal and written objections of Victor and Hoti, Rattet executed a cash collateral stipulation ("Stipulation") which ordinarily would be required only if the state court receiver was displaced and Hoti, as debtor, moved back in possession of the Building.

9

55      Under the terms of the Stipulation, the Receiver was allowed to continue to operate the Building on behalf of GECMC and Hoti had 90 days to object to the title and transfer of the Loan documents.

56      On December 30, 2010, counsel to GECMC wrote to the Rattet Firm stating:

> ...We note that *none of the documents you requested* in your December 21 [, 2010] letter relate to the *extent or validity of Lender's claims* and liens, but rather relate to the relationship between the Lender and [KeyBank] the servicer of the [Mortgage] Loan. (emphasis added)

57      As early as December 30, 2010, Rattet was made aware of the issue of the dubious nature of GECMC's claim to having title to the Mortgage Loan, but failed and refused to even challenge the title.

58      As the debtor's attorney, the Rattet defendants should have been aware the state court receiver is automatically displaced under 11 U.S.C. section 543(a) of the Bankruptcy Code ("Code") and required to turnover possession and management to the bankrupt debtor, which in this case Hoti.

59      There was no reason to have the Stipulation put in place because Hoti was not using the cash collateral of GECMC as then defined in the Code,.

60      The Rattet defendants should have forced the state court receiver to surrender possession and should have made a motion to use cash collateral in order to require the receiver to turn over management of the Building to Hoti.

61      The Rattet defendants failed to move as aforesaid and failed to protect the interests of Hoti.

62      Over the strenuous objection of Hoti and Victor, the Rattet defendants allowed a forfeiture of the following Hoti rights under the Stipulation and:  (a) waived Hoti's

rights to challenge GECMC's claim after January 10, 2010 (a mere 18 days during a holiday period after the Stipulation was approved), (b) turned over all monthly net operating income to GECMC, (c) granted GECMC a first priority lien on all of Hoti's assets not previously pledged to GECMC, (d) granted "super-priority" status for GECMC's claims, and (e) allowed for the termination of the Stipulation on January 11, 2011, (only 19 days after it was signed), at which time GECMC was automatically entitled to an order vacating the automatic stay to continue to foreclose.

63    Hoti's right to challenge GECMC's claim was lost as was Hoti's ability to fight the Foreclosure Action, which was the primary purpose of being in Chapter 11.

64    On January 5, 2011, nearly two weeks after Rattet signed the Cash Collateral Stipulation, Rattet wrote to Victor advising for the first time it was signed:

> Victor - We consented to the submission of the cash collateral order to Judge Drain with his deletions and additions.  Failure to consent would have resulted in adverse consequences to Hoti. ...

65    Hoti never received use of the "cash collateral" or the Building's rental income.

66    With GECMC's consent, the Rattet defendants carved out $50,000 in fees for themselves under the Stipulation in exchange for a forfeiture of valuable rights otherwise provided Hoti as a debtor in Chapter 11.

67    In exchange for the legal fees carved out, the Rattet defendants readily agreed not to charge any time related to or "... incurred in connection with the investigation or prosecution of any objection to or claim or cause of action with respect to or against [GECMC], the Secured Claim, or the priority, validity or extent of [GECMC's] liens."

68    On December 22, 2010, Judge Drain approved the cash collateral stipulation

("Cash Collateral Order") after (a) the court was lead to believe based on representations made by GECMC both in the Foreclosure Action and in the Bankruptcy Court that it had standing and was the proper holder thereof, and (b) Rattet and GECMC's counsel jointly "certified" to the Bankruptcy Court judge that, to the best of their knowledge and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses and other legal "contentions" in the Cash Collateral Order were warranted and supported by existing law and evidentiary support in accordance with Bankruptcy Rule 9011.

69      Judge Drain relied on this certifications based on the fact that professionals had jointly conducted all necessary due diligence prior to submitting the Cash Collateral Stipulation to be "So-Ordered".

70      The certifications were a fraud upon Judge Drain and the bankruptcy court and in violation of Judiciary Law 487.

71      Having violated all ethical duties and fiduciary obligations to Hoti, the Rattet defendants, then moved to withdraw from the Bankruptcy Action after being overpaid and giving Hoti wrong advice and causing Hoti to incur substantial damages.

**e.      Hoti retains the Dwyer defendants.**

72      On or about January 29, 2011, Hoti retained the Dwyer defendants to assist in advising in the Chapter 11 proceeding in Bankruptcy Court  based on Dwyer's representations that she will review the Chapter 11 Petition, review all relevant documents and motions related to the Chapter 11 Petition, review all other filings and represent Hoti through the Bankruptcy Action and in the Foreclosure Action and do all work to defend Hoti in relation to the foreclosure of the Building.

73      Dwyer intentionally misled Hoti into believing she was experienced with the

aforesaid Chapter 11 work.

74     On or about January 29, 2011, Hoti retained the Dwyer defendants to represent it (hereafter, the "Dwyer Agreement").

75     Dwyer and the Dwyer Firm prepared retainer agreements dated January 29, 2011, for the Bankruptcy proceeding and the Foreclosure Actions, which embodied the foregoing arrangement ("Dwyer Retainer Agreement").

76     Victor executed the Dwyer Retainer Agreement in his representative capacity on behalf of Hoti.

77     The Dwyer Firm demanded and received over $40,000 as a payment towards its retainer.

78     On February 9, 2011, Dwyer appeared before the Judge Drain seeking to be substitute counsel for Rattet defendants.

79     On February 9, 2011, the court stated:

> All right. So Ms. Dwyer, you've been retained subject to Court approval, obviously, by the debtor as substitute counsel?
> * * *
> Well, I guess that's not effective until substitute counsel's retention [has been filed and approved].

80     The Bankruptcy judge *never* approved the retention of the Dwyer Firm to represent Hoti in the Bankruptcy Action.

81     The Bankruptcy judge *never* approved any fees that were paid to the Dwyer Firm in its representation of Hoti in the Bankruptcy Action.

82     The Dwyer Firm never challenged any of the underlying Loan documents in the Foreclosure Action, in particular the Reich defendants failed to: (i) review title with respect to the Note and Mortgage; (ii) investigate the chain of title regarding the transfer

13

of the Note from Deutsche Bank to the foreclosing entity GECMC; (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action; (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, (xvii) sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

83    While Victor was in the state courthouse hallway during a hearing of Foreclosure Action Dwyer demanded he authorize the Dwyer Firm to be relieved as Hoti's counsel in the Bankruptcy matter.

84    On November 18, 2011 Dwyer, in blatant disregard of the Code and in clear violation of Bankruptcy Local Rule 2090-1(e), which required her to withdraw as counsel with the Bankruptcy Court approval, interrupted oral argument in the Foreclosure Action

pending before Justice Lewis, and demanded that Hoti release the Dwyer Firm as its attorney in the Bankruptcy Action.

85      Only after Dwyer caused turmoil in the courtroom was she able to secure what she wrongly believed as proper authorization to withdraw as counsel.

86      Dwyer admitted on the record:

> I am happy to withdraw my presence [in Your Honor's court] as well …[as Mr. Dedvukaj] has opposed my [prior] withdrawals verbally, and on the record in Bankruptcy court.…

87      As a result of never having been approved as counsel for Hoti, under section 327 of the Code all funds paid by Hoti or third parties to the Dwyer defendants should be refunded.

88      On January 13, 2012, Hoti's lawyer demanded the Dwyer defendants return all fees it received.

89      The Dwyer defendants refused and failed to return any money to Hoti in breach of the Code and in violation of their ethical duties to Hoti.

90      Upon information and belief, the Dwyer defendants have converted the funds then held in their IOLA account for Hoti's benefit unto their own benefit and distributed the funds to themselves.


**f.    Hoti retains Person**

91      On or about June 23, 2011, Hoti retained Person to assist in advising in the Foreclosure Action (hereafter, the "Person Agreement").

92      Person prepared a retainer agreement dated June 23, 2011, which embodied the foregoing arrangement ("Person Retainer Agreement"), but Person never advised Hoti

that the retention required Bankruptcy Court approval.

93    Victor executed the Person Retainer Agreement in his representative capacity on behalf of Hoti.

94    The Person Firm demanded and received $2,500.00 as a payment towards the retainer.

95    The fee arrangement was $225.00 per hour for the legal services of Person and similar rates for others working with Person's firm.

96    On or about October  2011, defendant Person, then commenced an action *Hoti Enterprises LP, et al v. GECMC 2007-C1 Burnett Street, LLC, et al*, New York Supreme Court, Kings County, Index 22731/2011 ("Hoti Action")

97    Person was paid to prepare, file and prosecute the Hoti Action.

98    Upon information and belief, Person filed the Hoti Action in Supreme Court, Kings County, New York.

99    Upon information and belief, Person never served any defendant in the Hoti Action.

100    As a result of Person's failure to serve the Hoti Action,  he has neglected the duties owed Hoti and liable for the failure to perform of his duties to Hoti.

101    At the time of executing the Person Retainer Agreement, Person desired to run for the position of President of the United States.

102    Person failed to zealously represent Hoti, by delaying the filing of motions and not conducting discovery, because he was to busy in his pursuit of the United States Presidency.

103    As a result of the delay, Hoti's rights were being simultaneously compromised

16

in both the Bankruptcy court and the Foreclosure Action, when timing was of the essence.

104    Person failed to become President and in the same time failed Hoti in the process.

**g.    Hoti retains experienced Chapter 11 counsel.**

105    In or about January 2012, Hoti then retained experienced bankruptcy counsel ("New Counsel") to analyze the case, review the materials surrounding the Stipulation and Cash Collateral Order.

106    New Counsel promptly filed a Motion to Reconsider in the Bankruptcy Court which was denied because Hoti waived many of is rights due to the failure of the Panken defendants, the Reich defendants, the Rattet defendants, the Dwyer defendants to take any action, as well as Person to timely file any motions in the Foreclosure Action.

107    The Panken defendants, the Reich defendants, the Rattet defendants, the nd the Dwyer defendants failed to: : (i)  review title with respect to  the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC;  (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action;  (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the   Note and Mortgage; (x) assert the defense of failure of

consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto and (xvi) never moved to dismiss the Bankruptcy Action.

108    The Bankruptcy Action was the subject of numerous appeals. (*Hoti Enterprises LP et al v. GECMC 2007C-1 Burnett*, United States Court of Appeals, 2nd Cir. 13-289; *et seq.* )

109    On June 13, 2012, justice Lewis in the Foreclosure Action issued an order ("Order") stating in pertinent part:

> This court believes that the documents which GECMC labels confirmatory are not sufficient to establish title or a proper assignment from Deutsche Bank....It is clear from the exhibits that the signature of the Director, Michelle Leighton is suspect.
>
> * * *
>
> GECMC never provided any original document regarding the Note and the allonge supporting their [sic] allegation that they were in fact the owner or assignee of the mortgage and the Note at the commencement of the [Foreclosure Action]. GECMC was not the assignee of Hoti mortgage/Note at the time the foreclosure proceeding was filed.  It lacks standing because there was no proper assignment to it.

110    Based on the Order the Reich defendants, the Rattet defendants and the Dwyer defendants all failed to make a proper objection in the Foreclosure Action about the

title documents related to the Loan and the purported assignment to GECMC.

111    On June 14, 2012, the bankruptcy court held a hearing on New Counsel's Motion to Reconsider, as well as the final fee application ("Rattet Fee Application").

112    Bankruptcy Court Judge Drain ruled that any challenge to the Cash Collateral Order was time barred because the nature of the fraud was not egregious enough to constitute an exception to the one year rule for reconsideration.

113    As to the Rattet Fee Application, Bankruptcy Court Judge Drain stated:

> This whole issue comes down to one point so let's get to it since the [Rattet Fee] Application I think ignores it: what has [Victor] and the debtors objecting to this [Rattet Fee] Application and raising the issues that it has raised elsewhere I believe is their belief that notwithstanding a carve-out typical in cash collateral stipulations for a time to investigate the mortgage and the note and their belief that such investigation was warranted and may well have resulted in a complete change in the dynamics in this case,  i.e., an insertion that with some merit behind it that there was imperfections in the documentation that would preclude the enforcement of the underlying mortgage.   That was not done, but the 90-day period went by and the debtors  were then stuck with the representation in the cash collateral order. ...
>
> * * *
>
> ...but I am also concerned that there is a fair amount of case law that says that the grant of a fee application can be collateral estoppel on any further litigation over a representation. ...
>
> * * *
>
> ...The issue is, should I make it clear in this order that it has no

collateral estoppel effect? My inclination is to do that unless you [Mr. Rattet] can convince me that you looked out for the estate on the lien issue.

* * *

And I -- it seems  to me that rather than having a separate hearing on the that where there's no real context for that because I'm not approving those fees anymore, it's consistent with the fact that I -- that very fact that I think is consistent with making it clear in the order that the order doesn't have clear estoppel effect.

* * *

...my order does not have what is called "collateral estoppel effect" or "*res judicata* effect," which means that [the Rattet defendants] cannot point to it as a defense if for some reason you [Victor] pursued what you believe is an affirmative right against them for the lien work that was or wasn't done.

## FIRST CAUSE OF ACTION

114     Hoti repeats and realleges the allegations contained in paragraphs 1 through 128 hereof as if fully set forth herein.

115     By virtue of the Foreclosure Action, Hoti was wrongfully subjected to forfeiting its rights to Building.

116     Hoti retained the Panken defendants to perform legal services.

117     Panken Defendants negligently and carelessly failed to perform their duties as the attorneys for Hoti in connection with the Foreclosure Action, with respect to, among other things: never challenged any of the underlying Loan documents in the Foreclosure Action, in particular the Reich defendants failed to: (i)  review title with respect to  the Note

20

and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC; (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action; (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, (xvii) sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

118    Solely by reason of the aforesaid negligence and carelessness and breach of fiduciary duties by Panken Defendants, and as a proximate result of thereof, and but for the negligence and carelessness Hoti has sustained the damages alleged herein.

119    That as a result of Panken defendants' legal malpractice, Hoti suffered actual damages.

120    That as a result of legal malpractice of the Panken defendants, Hoti would have succeeded on the merits of the Bankruptcy Action and the Foreclosure Action but for defendants' legal malpractice.

121    The Panken defendants' malpractice constitutes a failure to honor faithfully the fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

122    The Panken defendants' services were rendered in such a negligent manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

123    Solely by reason of the aforesaid foregoing negligence and carelessness of Panken defendants as aforesaid Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## SECOND CAUSE OF ACTION

124    Hoti repeats and realleges the allegations contained in paragraphs 1 through 138 hereof as if fully set forth herein.

125    Hoti retained the Panken defendants to perform legal services.

126    Panken Defendants, accepted employment on behalf of Hoti.

127    Hoti performed all its obligations under their agreement.

128    Panken Defendants breached their respective fiduciary duties to Hoti by virtue of the acts set forth in paragraph 132 hereof.

129    As a result of the Panken defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

130    That as a result Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

131    The Panken defendants' beached the duty of faithfulness and fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

132    The Panken defendants' services were rendered in such a manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

133    Solely by reason of the aforesaid foregoing acts of the Panken defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## THIRD CAUSE OF ACTION

134    Hoti repeats and realleges the allegations contained in paragraphs 1 through 148 hereof as if fully set forth herein.

135    By virtue of the Foreclosure Action, Hoti was wrongfully subjected to loosing its rights to Building.

136    Hoti retained the Reich defendants to perform legal services.

137    Reich Defendants negligently and carelessly failed to perform their duties as the attorney for Hoti in connection with the Foreclosure Action, with respect  to, among other things: (i)  review title with respect to  the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC;  (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the

23

standing of GECMC in the Foreclosure Action;  (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the  Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, (xvii)  sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

138     Solely by reason of the aforesaid  negligence and carelessness and  breach of fiduciary duties by Reich Defendants, and as a proximate result of thereof, and but for the negligence and carelessness Hoti has sustained the damages alleged herein.

139     That as a result of Reich defendants' legal malpractice, defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal procession.

140     That as a result of Reich defendants' legal malpractice, Hoti suffered actual damages.

141    That as a result of legal malpractice of the Reich defendants, Hoti would have succeeded on the merits of the Bankruptcy Action and the Foreclosure Action but for defendants' legal malpractice.

142    As a result of the Reich defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

143    That as a result of legal malpractice of Reich defendants, Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

144    The Reich defendants' malpractice constitutes a failure to honor faithfully the fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

145    The Reich defendants' services were rendered in such a negligent manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

146    Solely by reason of the aforesaid foregoing negligence and carelessness of Reich defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## FOURTH CAUSE OF ACTION

147    Hoti repeats and realleges the allegations contained in paragraphs 1 through 161 hereof as if fully set forth herein.

148    Hoti retained the Reich defendants to perform legal services.

149    Reich Defendants, accepted employment on behalf of Hoti.

150    Hoti performed all its obligations under their agreement.

151    Reich Defendants breached their respective fiduciary duties to Hoti by virtue of the acts set forth in paragraph 152 hereof.

152    As a result of the Reich defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

153    That as a result Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

154    The Reich defendants' beached the duty of faithfulness and fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

155    The Reich defendants' services were rendered in such a manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

156    Solely by reason of the aforesaid foregoing acts of the Reich defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## FIFTH CAUSE OF ACTION

157    Hoti repeats and realleges the allegations contained in paragraphs 1 through 171 hereof as if fully set forth herein.

158    By virtue of the Foreclosure Action, Hoti was wrongfully subjected to loosing its rights to Building.

159    Hoti retained the Rattet defendants to perform legal services.

160    Rattet Defendants negligently and carelessly failed to perform their duties as

26

the attorney for Hoti in connection with the Foreclosure Action, with respect to, among other things: (i) review title with respect to the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC; (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action; (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, (xvii) sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

161    Solely by reason of the aforesaid negligence and carelessness and breach of fiduciary duties by Rattet Defendants, and as a proximate result of thereof, and but for the negligence and carelessness Hoti has sustained the damages alleged herein.

27

162     That as a result of Rattet defendants' legal malpractice, defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal procession.

163     That as a result of Rattet defendants' legal malpractice, Hoti suffered actual damages.

164     That as a result of legal malpractice of the Rattet defendants, Hoti would have succeeded on the merits of the Bankruptcy Action and the Foreclosure Action but for defendants' legal malpractice.

165     As a result of the Rattet defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

166     That as a result of legal malpractice of Rattet defendants, Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

167     The Rattet defendants' malpractice constitutes a failure to honor faithfully the fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

168     The Rattet defendants' services were rendered in such a negligent manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

169     Solely by reason of the aforesaid foregoing negligence and carelessness of Rattet defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## SIXTH CAUSE OF ACTION

170    Hoti repeats and realleges the allegations contained in paragraphs 1 through 184 hereof as if fully set forth herein.

171    Hoti retained the Rattet defendants to perform legal services.

172    Rattet Defendants, accepted employment on behalf of Hoti.

173    Hoti performed all its obligations under their agreement.

174    Rattet Defendants breached their respective fiduciary duties to Hoti by virtue of the acts set forth in paragraph 175 hereof.

175    As a result of the Rattet defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

176    That as a result Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

177    The Rattet defendants' beached the duty of faithfulness and fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

178    The Rattet defendants' services were rendered in such a manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

179    Solely by reason of the aforesaid foregoing acts of the Rattet defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## SEVENTH CAUSE OF ACTION

180    Hoti repeats and realleges the allegations contained in paragraphs 1 through

194 hereof as if fully set forth herein.

181     By virtue of the Foreclosure Action, Hoti was wrongfully subjected to loosing its rights to Building.

182     Hoti retained the Dwyer defendants to perform legal services.

183     Dwyer Defendants negligently and carelessly failed to perform their duties as the attorney for Hoti in connection with the Foreclosure Action, with respect  to, among other things: (i)  review title with respect to  the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC;  (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action;  (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the   Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses,

and counterclaims, (xvii)  sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

184    Solely by reason of the aforesaid  negligence and carelessness and  breach of fiduciary duties by Dwyer Defendants, and as a proximate result of thereof, and but for the negligence and carelessness Hoti has sustained the damages alleged herein.

185    That as a result of Dwyer defendants' legal malpractice, defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal procession.

186    That as a result of Dwyer defendants' legal malpractice, Hoti suffered actual damages.

187    That as a result of legal malpractice of the Dwyer defendants, Hoti would have succeeded on the merits of the Bankruptcy Action and the Foreclosure Action but for defendants' legal malpractice.

188    As a result of the Dwyer defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

189    That as a result of legal malpractice of Dwyer defendants, Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

190    The Dwyer defendants' malpractice constitutes a failure to honor faithfully the fidelity owed to Hoti and to discharge competently the responsibilities flowing from the engagement.

191    The Dwyer defendants' services were rendered in such a negligent manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer

or any money paid to defendants from any source or an amount to be determined at trial.

192    Solely by reason of the aforesaid foregoing negligence and carelessness of Dwyer defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## EIGHTH CAUSE OF ACTION

193    Hoti repeats and realleges the allegations contained in paragraphs 1 through 207 hereof as if fully set forth herein.

194    Hoti retained the Dwyer defendants to perform legal services.

195    Dwyer Defendants, accepted employment on behalf of Hoti.

196    Hoti performed all its obligations under their agreement.

197    Dwyer Defendants breached their respective fiduciary duties to Hoti by virtue of the acts set forth in paragraph 198 hereof.

198    As a result of the Dwyer defendants actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

199    That as a result Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendants' wrongful conduct.

200    The Dwyer defendants' services were rendered in such a manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

201    Solely by reason of the aforesaid foregoing acts of the Dwyer defendants Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including

attorney's fees.

## NINTH CAUSE OF ACTION

Intentionally omitted

## TENTH CAUSE OF ACTION

202    Hoti repeats and realleges the allegations contained in paragraphs 1 through 201 hereof as if fully set forth herein.

203    By virtue of the Foreclosure Action, Hoti was wrongfully subjected to loosing its rights to Building.

204    Hoti retained the Person to perform legal services.

205    Person negligently and carelessly failed to timely perform his duties as the attorney for Hoti in connection with the Foreclosure Action, with respect to, among other things: (i)  review title with respect to  the Note and Mortgage; (ii) investigate the chain of title regarding the transfer of the Note from Deutsche Bank to the foreclosing entity GECMC;  (iii) order a proper title report to chain the title of the Mortgage granted Deutsche Bank and determine if GECMC had good title to foreclose; (iv) challenge the standing of GECMC in the Foreclosure Action;   (v) challenge the ability of GECMC to transact business in New York State under Section 802 of the limited liability company law; (vi) assert defenses as to the authenticity of the signature of the Note's allonge, and in particular that of Michelle Leighton; (vii) assert defenses as to each and every assignment of the Note and Mortgage; (viii) demand inspection of the actual Note in possession of GECMC, if any; (ix) assert defenses regarding the power of attorney and limited power of attorney transferring the   Note and Mortgage; (x) assert the defense of failure of consideration, if any, with respect to the Note and Mortgage; (xi) assert the defense of

defects in the chain of title of the Note and Mortgage; (xii) depose Michelle Leighton; (xiii) review the Security and Exchange filings regarding the Note and Mortgage; (xiv) determine if the Note was securitized, (xv) advise Hoti that it should *not have* filed bankruptcy as the GECMC Note and Mortgage would be declared invalid because GECMC did not have proper title thereto (xvi) file an answer to the Foreclosure Action with affirmative defenses, and counterclaims, (xvii)  sue KeyBank on behalf of plaintiff, and (xviii) never moved to dismiss the Bankruptcy Action.

206    Solely by reason of the aforesaid  negligence and carelessness and  breach of fiduciary duties by Person, and as a proximate result of thereof, and but for the negligence and carelessness Hoti has sustained the damages alleged herein.

207    That as a result of Person's legal malpractice, defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal procession.

208    That as a result of Person's legal malpractice, Hoti suffered actual damages.

209    That as a result of legal malpractice of Person, Hoti would have timely succeeded on the merits of the Bankruptcy Action and the Foreclosure Action but for his legal malpractice.

210    As a result of Person's actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

211    That as a result of legal malpractice of Person, Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendant's wrongful conduct.

212    Person's malpractice constitutes a failure to honor faithfully the fidelity owed

to Hoti and to discharge competently the responsibilities flowing from the engagement.

213    Person's services were rendered in such a negligent manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendants from any source or an amount to be determined at trial.

214    Solely by reason of the aforesaid foregoing negligence and carelessness of Person Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## ELEVENTH CAUSE OF ACTION

215    Hoti repeats and realleges the allegations contained in paragraphs 1 through 214 hereof as if fully set forth herein.

216    Hoti retained Person to perform legal services.

217    Person, accepted employment on behalf of Hoti.

218    Hoti performed all its obligations under their agreement.

219    Person breached his fiduciary duties to Hoti by virtue of the acts set forth in paragraph 242 hereof.

220    As a result of Person's untimely actions, the administrative expenses as well as Hoti's own legal fees skyrocketed.

221    That as a result Hoti is entitled to recover litigation expenses incurred to avoid, minimize, or reduce damage caused by the defendant's wrongful conduct.

222    Person's services were rendered in such a manner that they had no reasonable value, and accordingly, Hoti is entitled to recover the retainer or any money paid to defendant from any source or an amount to be determined at trial.

35

223    Solely by reason of the aforesaid foregoing acts of Person Hoti has been damaged in the sum of not less than $70 million with the precise amount to be determined at the time of trial, together with consequential damages including attorney's fees.

## TWELFTH CAUSE OF ACTION

224    Hoti repeats and realleges the allegations contained in paragraphs 1 through 223 hereof as if fully set forth herein.

225    New York Judiciary Law § 487 provides in pertinent part:

An attorney or counselor who:

(1)    is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court; or

(2)    willfully delays his client's suit with a view to his own gain; or willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

226    Upon information and belief, Reich defendants intentionally engaged in a course of conduct to deceive and to defraud Hoti of its rightful monies, being untruthful and nefarious in accomplishing its own end to the prejudice of Hoti.

227    That Reich defendants have failed to protect Hoti's interest and deceived Hoti by failing to prosecute a case and delayed the Foreclosure Action and never filed an Answer in the Foreclosure Action for their own monetary gains.

228    The Reich Defendants have violated their fiduciary obligations to Hoti by failing to promptly notify their client, Hoti herein, of the possible malpractice claim that Hoti

may have had against them because of their wrongdoing and defalcation and their nondisclosure of the facts as had occurred.

229   That Reich Defendants have wrongfully and improperly obtained a fee to which they would not have been entitled by virtue of their wrongdoings and efforts to cover up and not to reveal what it had done, to the prejudice and damage of Hoti.

230   That Reich  defendants are responsible for treble damages as well as punitive damages for the wrongs which defendant caused to Hoti.

231   That pursuant to Judiciary Law § 487, that Reich defendants are in violation of said law and should forfeit treble damages to Hoti.

232   That Reich defendants over a period of months  conducted a chronic and extreme pattern of legal delinquency to deprive Hoti of its rights herein.

233   That as a result of the violation of Reich defendants fiduciary obligations herein to Hoti, of their misconduct and wrong doing, and their willful receipt of legal fees for which they are answerable and for which they were not entitled, Reich defendants are liable to Hoti for treble damages as well as punitive damages because of their actions herein.

**THIRTEENTH CAUSE OF ACTION**

234   Hoti repeats and realleges the allegations contained in paragraphs 1 through 233 hereof as if fully set forth herein.

235   New York Judiciary Law § 487 provides in pertinent part:

An attorney or counselor who:

(1)      is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court; or

(2)    willfully delays his client's suit with a view to his own gain; or willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

236    Upon information and belief, Rattet defendants intentionally engaged in a course of conduct to deceive and to defraud Hoti of its rightful monies, being untruthful and nefarious in accomplishing its own end to the prejudice of Hoti.

237    That Rattet defendants have failed to protect Hoti's interest and deceived the court into believing they had reviewed the title documents prior to presenting the Cash Collateral Stipulation and other issues and charged Hoti fees for the same.

238    The Rattet Defendants have violated their fiduciary obligations to Hoti by failing to promptly notify their client, Hoti herein, of the possible malpractice claim that Hoti may have had against them because of their wrongdoing and defalcation and their nondisclosure of the facts as had occurred.

239    That Rattet Defendants have wrongfully and improperly obtained a fee to which they would not have been entitled by virtue of their wrongdoings and efforts to cover up and not to reveal what it had done, to the prejudice and damage of Hoti.

240    That Rattet defendants are responsible for treble damages as well as punitive damages for the wrongs which defendant caused to Hoti.

241    That pursuant to Judiciary Law § 487, that Rattet defendants are in violation of said law and should forfeit treble damages to Hoti.

242    That Rattet  defendants over a period of years conducted a chronic and

extreme pattern of legal delinquency to deprive Hoti of its rights herein.

243   That as a result of the violation of Rattet defendants fiduciary obligations herein to Hoti, of their misconduct and wrong doing, and their willful receipt of legal fees for which they are answerable and for which they were not entitled, Rattet defendants are liable to Hoti for treble damages as well as punitive damages because of their actions herein.

## FOURTEENTH CAUSE OF ACTION

244   Hoti repeats and realleges the allegations contained in paragraphs 1 through 243 hereof as if fully set forth herein.

245   New York Judiciary Law § 487 provides in pertinent part:

An attorney or counselor who:

(1)   is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court; or

(2)   willfully delays his client's suit with a view to his own gain; or willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

246   Upon information and belief, Dwyer defendants intentionally engaged in a course of conduct to deceive and to defraud Hoti of its rightful monies, being untruthful and nefarious in accomplishing its own end to the prejudice of Hoti.

247   That Dwyer defendants have failed to protect Hoti's interest and deceived Hoti by demanding and receiving the retainer and legal fees for which it was never

retained by the bankruptcy court to accept, as well as delaying the Foreclosure Action for its own personal monetary gain where they had insufficient skills to handle same.

248    That Dwyer defendants have failed to return the legal fees after due demand.

249    The Dwyer Defendants have violated their fiduciary obligations to Hoti by failing to promptly notify their client, Hoti herein, of the possible malpractice claim that Hoti may have had against them because of their wrongdoing and defalcation and their nondisclosure of the facts as had occurred.

250    That Dwyer Defendants have wrongfully and improperly obtained a fee to which they would not have been entitled by virtue of their wrongdoings and efforts to cover up and not to reveal what it had done, to the prejudice and damage of Hoti.

251    That Dwyer defendants are responsible for treble damages as well as punitive damages for the wrongs which defendant caused to Hoti.

252    That pursuant to Judiciary Law § 487, that Dwyer defendants are in violation of said law and should forfeit treble damages to Hoti.

253    That Dwyer defendants over a period of months  conducted a chronic and extreme pattern of legal delinquency to deprive Hoti of its rights herein.

254    That as a result of the violation of Dwyer defendants fiduciary obligations herein to Hoti, of their misconduct and wrong doing, and their willful receipt of legal fees for which they are answerable and for which they were not entitled, Dwyer defendants are liable to Hoti for treble damages as well as punitive damages because of their actions herein.

## FIFTEENTH CAUSE OF ACTION

255    Hoti repeats and realleges the allegations contained in paragraphs 1 through

254 hereof as if fully set forth herein.

256    New York Judiciary Law § 487 provides in pertinent part:

An attorney or counselor who:

(1)    is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court; or

(2)    willfully delays his client's suit with a view to his own gain; or willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

257    Upon information and belief, Person intentionally engaged in a course of conduct to deceive and to defraud Hoti of its rightful monies, being untruthful and nefarious in accomplishing its own end to the prejudice of Hoti.

258    That Person has failed to protect Hoti's interest and deceived Hoti by failing to timely prosecute a case and delayed the Foreclosure Action for his own monetary gains.

259    Person has violated their fiduciary obligations to Hoti by failing to promptly notify their client, Hoti herein, of the possible malpractice claim that Hoti may have had against them because of their wrongdoing and defalcation and their nondisclosure of the facts as had occurred.

260    That Person wrongfully and improperly obtained a fee to which they would not have been entitled by virtue of their wrongdoings and efforts to cover up and not to reveal what it had done, to the prejudice and damage of Hoti.

261    That Person is responsible for treble damages as well as punitive damages for the wrongs which defendant caused to Hoti.

262    That pursuant to Judiciary Law § 487, that Person is in violation of said law and should forfeit treble damages to Hoti.

263    That Person over a period of months  conducted a chronic and extreme pattern of legal delinquency to deprive Hoti of its rights herein.

264    That as a result of the violation of Person's fiduciary obligations herein to Hoti, of his misconduct and wrong doing, and his  willful receipt of legal fees for which he was answerable and for which he was not entitled, Person is  liable to Hoti for treble damages as well as punitive damages because of his  actions herein.

**WHEREFORE**, Hoti request judgment as follows:

1    On the first cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

2    On the second cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial; On the first cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

3    On the third cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

4    On the fourth cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

5    On the fifth cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

6    On the sixth cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

7    On the seventh cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

8    On the eighth cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

9    Omitted intentionally;

10   On the tenth cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

11   On the eleventh cause of action, compensatory damages in the sum of not less than $70 million and attorney fees with the precise amount to be determined at the time of trial;

12   On the twelfth cause of action, compensatory damages in the sum of not less than $70 million treble damages, attorney fees with the precise amount to be determined at the time of trial;

13   On the thirteenth cause of action, compensatory damages in the sum of not

less than $70 million, treble damages, attorney fees with the precise amount to be determined at the time of trial;

14 On the fourteenth cause of action, compensatory damages in the sum of not less than $70 million, treble damages, attorney fees with the precise amount to be determined at the time of trial;

15 On the fifteenth cause of action, compensatory damages in the sum of not less than $70 million, treble damages, attorney fees with the precise amount to be determined at the time of trial;

16 Awarding Hoti costs, disbursements, reasonable attorneys' fees, costs and taxable disbursements, and such other and further relief as the Court deems just and proper.

Dated:       Jericho, New York
             July 31, 2014

                                        _Alexander E. Sklavos_
                                        Alexander E. Sklavos (7911)
                                        Attorney for Hoti Enterprises LP
                                        375 North Broadway, Suite 208
                                        Jericho, NY 11753

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU   )


        I Alexander E. Sklavos, Esq., an attorney duly admitted to practice as such before all the courts of the State of New York, under the penalties of perjury and pursuant to the CPLR, states as follows:


        That I am the attorney for the Plaintiff herein; that I have read the annexed Amended Complaint, know the contents thereof and the same are true to my knowledge

except for those matters therein which are stated to be alleged on information and belief, and as to those matter I believe them to be true.  My belief, as to those matters therein not stated upon knowledge is based upon the following:

My review of the papers and documents within the file and upon my conversations with the Plaintiff.  The reason I make this verification instead of the Plaintiff is because the Plaintiff's offices are not within the County in which the deponent maintains its offices.

Dated: July 31, 2015

*Alexander E. Sklavos*
Alexander E. Sklavos (7911)