**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
IN RE:

HOTI ENTERPRISES, L.P.,

                                        Debtor.

Chapter 11
Case No. 10-24129 (RDD)

---------------------------------------------------------X
HOTI ENTERPRISES, L.P.,

                                Plaintiff,

    - against -

ANDY PANKEN, *et al.,*

                                Defendants.

Adv. Pro. No. 15-08221-rdd

---------------------------------------------------------X

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
**IN FAVOR OF DEFENDANTS LAWRENCE REICH,**
**JEFFREY REICH AND REICH, REICH & REICH PC**

Upon the motion (with the exhibits thereto, the "Motion") of defendants Lawrence Reich, Jeffrey Reich and Reich, Reich & Reich PC (the "Reich Defendants"), for summary judgment under Fed. R. Bankr. P. 7056 on the claims asserted against them in the Amended Complaint filed in this Adversary Proceeding on July 31, 2015; and there being due and sufficient notice of the Motion; and, upon the plaintiff's objection thereto, including the affidavit of Victor Dedvukaj, sworn to December 15, 2015, and the exhibits annexed thereto, plaintiff's Counter-Statement Pursuant to Local Rule and Memorandum of Law in Opposition; and upon the Reich Defendants' Reply Memorandum of Law and all other pleadings filed in relation to the Motion; and upon the record of the hearing held by the Court on the Motion on February 9, 2016, at which the Reich Defendants appeared by Benjamin Zelermyer, Esq., of Steinberg & Cavaliere, LLP, and plaintiff appeared by Alexandor E. Sklavos, Esq.; and after due deliberation and for the

reasons stated by the Court in its bench ruling on the Motion, the Court having found that the Motion should be granted; and good and sufficient cause appearing, it is hereby

ORDERED, that the Motion is granted, and (a) the third, fourth and twelfth causes of action in the Amended Complaint (for legal malpractice, breach of fiduciary duty and under New York Judiciary Law § 487, respectively) are dismissed on the basis that plaintiff lacks standing to bring such claims, which were assigned to another party under the confirmed chapter 11 plan in this case; (b) the fourth cause of action in the Amended Complaint (for breach of fiduciary duty) is dismissed on the alternative ground that it is duplicative of the third cause of action (for legal malpractice); (c) the third and fourth causes of action in the Amended Complaint (for legal malpractice and breach of fiduciary duty) are dismissed on the alternative ground that such claims are barred by the applicable statute of limitations; and (d) the twelfth cause of action in the Amended Complaint (under New York Judiciary Law § 487) is dismissed on the alternative ground that it fails to state a claim upon which relief can be granted, in each case ((a) through (d) above), with prejudice and without costs.

Dated: White Plains, New York
      February 17, 2016

                                          /s/Robert D. Drain
                                         Robert D. Drain
                                         United States Bankruptcy Judge