Official Form 17A (12/14)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN RE:

HOTI ENTERPRISES, L.P.,

                              Debtor.

Chapter 11
Case No. 10-24129 (RDD)

-------------------------------------------------------------------X
HOTI ENTERPRISES, L.P.,

                              Plaintiff,

  -against-

ANDY PANKEN, STERN KEISER & PANKEN, LLP,
LAWRENCE REICH, JEFFREY REICH, REICH,
REICH & REICH PC, DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP,
ROBERT L. RATTET, JAMES B. GLUCKMAN,
RATTET PASTERNAK, LLP F/K/A RATTET,
PASTERNAK & GORDON-OLIVER, LLP,
TANYA DWYER, DWYER & ASSOCIATES, LLC
AND CARL E. PERSON,

                              Defendants.

Adv. Pro. No. 15-08221-rdd

-------------------------------------------------------------------X

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1:   Identify the appellants(s)

1. Name(s) of appellant(s):
      HOTI ENTERPRISES, L.P.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding |
|---|---|
| xx  Plaintiff | |
| ☐  Defendant | ☐  Debtor |
| ☐  Other (describe) _____ | ☐  Creditor |
| | ☐  Trustee |
| | ☐  Other (describe) _____ |

### Part 2:    Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Granting Motion to Dismiss in Favor of Defendants Andy Panken and Stern Keiser & Panken LLP

2. State the date on which the judgment, order or decree was entered: *February 17, 2016*

### Part 3:    Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Carl E. Person

   Attorney:  Pro Se
   225 E. 36th Street
   New York, NY 10016-3664
   212-307-4444

2. Party: Lawrence Reich; Jeffrey Reich; Reich, Reich & Reich, P.C.

   Attorney:  Steinberg & Cavaliere, LLP
   Benjamin Zelemyer, Esq.
   50 Main Street
   White Plains, NY 10606

3. Party: Andy Panken; Stern, Keiser & Panken, LLP,

   Attorney:  Goldberg Segalla LLP
   Jason Ederer, Esq.
   600 Lexington Avenue, Suite
   Suite 900
   New York, NY 10022

   Peter J. Biging, Esq.
   Ohrenstein & Brown
   230 Park Avenue
   New York, NY 10169

4. Party: Robert L. Rattet, James Gluckman,   Rattet Pasternak, LLP *fka* Rattet Pasternak & Gordon-Oliver, LLP

   Attorney:  Margolis Bergson LLP
   Robert J. Bergson, Esq.
   237 West 35th Street, 4th Floor
   New York, NY 10001

   Eric B. Post, Esq.
   Abrams Garfinkel Margolis Bergson, LLP
   1430 Broadway
   New York, NY 10018

### Part 4:    Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.   Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐　　　Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Panel 5:   Sign below**

_____     Date: March 1, 2016
Signature of attorney for appellate(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

The Sklavos Law Group, PC
Alexander E. Sklavos, Esq.
375 N. Broadway, Suite 208
Jericho, New York 11753


For waiver notice:   If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

HOTI ENTERPRISES, L.P.,

                     Debtor.
---------------------------------------------------------X
HOTI ENTERPRISES, L.P.,

                     Plaintiff,

  - against -

ANDY PANKEN, *et al.*,

                     Defendants.
---------------------------------------------------------X

Chapter 11
Case No. 10-24129 (RDD)

Adv. Pro. No. 15-08221-rdd

### ORDER GRANTING MOTION TO DISMISS
### IN FAVOR OF DEFENDANTS ANDY PANKEN AND
### STERN KEISER & PANKEN LLP

Upon the motion (with the exhibits thereto, the "Motion") of defendants Andy Panken and Stern Keiser & Panken LLP (the "Panken Defendants") to dismiss, pursuant to Fed. R. Bankr. P. 7012, the claims asserted against them in the Amended Complaint, filed in this Adversary Proceeding on July 31, 2015; and there being due and sufficient notice of the Motion; and upon the plaintiff's objection thereto, including the affidavit of Victor Dedvukaj, sworn to December 15, 2015, and the exhibits annexed thereto and plaintiff's Memorandum of Law in Opposition; and upon the Panken Defendants' Reply Memorandum of Law in Further Support of the Motion to Dismiss and all other pleadings filed in relation to the Motion; and upon the record of the hearing held by the Court on the Motion on February 9, 2016, at which the Panken Defendants appeared by Jason L. Ederer, Esq. of Goldberg Segalla LLP and plaintiff appeared by Alexander E. Sklavos, Esq.; and after due deliberation and for the reasons stated by the Court in its bench ruling at the hearing; and good and sufficient cause appearing, it is hereby

4566732.1

ORDERED, that the Motion is granted and (a) the first and second causes of action in the Amended Complaint (for legal malpractice and breach of fiduciary duty as against the Panken Defendants) are dismissed on the ground that plaintiff lacks standing to bring such claims, such claims having been assigned to another party under the confirmed chapter 11 plan in this case; (b) the first and second causes of action in the Amended Complaint (for legal malpractice and breach of fiduciary duty as against the Panken Defendants) are dismissed for failure to state a claim upon which relief can be granted; (c) the second cause of action in the Amended Complaint (for breach of fiduciary duty as against the Panken Defendants) is dismissed on the alternative ground that it is duplicative of the first cause of action (for legal malpractice as against the Panken Defendants); and (d) the first and second causes of action in the Amended Complaint (for legal malpractice and breach of fiduciary duty as against the Panken Defendants) are dismissed on the alternative ground that such claims are barred by the statute of limitations, in each case ((a) through (d) above) with prejudice and without costs.

Dated: White Plains, New York
       February 17, 2016

                                        /s/Robert D. Drain
                                        Robert D. Drain
                                        United States Bankruptcy Judge